GLD-130                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4635
_____

JOHN MCDOWELL,
Appellant

v.

RAYMOND LITZ, Superintendent; JAMES T. WYNDER, JR.; MICHAEL
KLOPOTOSKI; C. J. MCKEOWN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-08-cv-01453)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed March 10, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant John McDowell, a prisoner at SCI-Dallas, brought this pro se 42 U.S.C.

§ 1983 action alleging that the defendants — four SCI-Dallas employees — violated his

rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. The District Court granted summary judgment to all defendants, and McDowell appealed. We have jurisdiction under 28 U.S.C. § 1291 and review the order granting summary judgment under a plenary standard of review. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The events relevant to this action began on April 26, 2007. On that day, McDowell's wife, Roxanne Neal, attempted to visit him at SCI-Dallas. However, because she refused to submit to a drug scan (which is required of all visitors), she was denied entry. Later that day, McDowell filed a grievance, alleging that the machine used to scan for drugs was overly sensitive and thus yielded false-positive results.

McDowell claims that Ray Litz, a corrections officer, repeatedly retaliated against him for filing the grievance. According to McDowell, Litz harassed Neal when she came to visit by (1) searching her on June 30, 2007, after she set off the prison's metal detector, (2) limiting her to a non-contact visit on April 17, 2008, after the scanner detected drug residue on her, (3) checking a computer on May 31, 2008, to ensure that McDowell had not exceeded his weekly visit allowance, and (4) requiring Neal to extend her arms on June 7, 2008, so that she could be scanned for drugs. Litz also allegedly retaliated against McDowell by instituting two disciplinary actions against him.

As a result of the disciplinary actions, McDowell's telephone privileges were temporarily suspended and he was discharged from his prison job. He alleges that the prison officials who presided over these hearings and his appeals — James Wynder, Michael Klopotoski, and C.J. McKeown — failed to consider his proffered evidence, and thus violated his due process rights. He also claims that the penalties imposed upon him constituted cruel and unusual punishment.

The District Court concluded that, even accepting in full the sparse evidence submitted by McDowell, there was no genuine issue as to any material fact and the defendants were entitled to judgment as a matter of law. McDowell appeals that judgment.

## I.

McDowell first claims that, in retaliation for his filing a grievance, Litz retaliated against him in several ways. To establish a claim of retaliation under the First Amendment, McDowell must show that (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). If McDowell makes this initial showing, Litz "may still prevail by proving that [he] would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

We agree with the District Court that Litz was entitled to summary judgment on this claim. First, the undisputed evidence shows that Litz had no involvement in searching Neal on June 30, 2007, after she set off the metal detector. Rather, another prison employee, Eric Noss, was operating the metal detector and, after it repeatedly sounded, ordered a female officer to search Neal. Litz cannot be liable for an action that was entirely unrelated to him. See, e.g., Shehee v. Luttrell, 199 F.3d 295, 301 (6th Cir. 1999).

As to the incidents that occurred when Neal arrived for visits on April 17, 2008, May 31, 2008, and June 7, 2008, and even assuming that these minor inconveniences to a third person can constitute adverse action, McDowell has failed to present any evidence to show that his grievance somehow motivated Litz's conduct. See Rauser, 241 F.3d at 333. In fact, the undisputed evidence shows that in scanning Neal for drugs and checking to ensure that McDowell had not exceeded his weekly visit allotment, Litz was merely following the prison's standard procedures — procedures that are applicable to all visitors. Nor has McDowell shown an unusually suggestive temporal proximity between his grievance and these incidents. See generally Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir. 2003). To the contrary, McDowell filed his grievance on April 26, 2007, and the first of these incidents occurred almost a year later, on April 17, 2008. Therefore, McDowell has failed to make a prima facie case of retaliation as to these events, and the District Court was correct to grant summary judgment to Litz.

4

McDowell's retaliation claims concerning the disciplinary actions fare no better. In both instances, McDowell admitted to violating prison rules — in the first case, he pleaded guilty to a charge of impermissibly making a phone call with another prisoner's ID, and in the second case, he conceded that he engaged in a prohibited three-person phone call but interposed a technical defense. In these circumstances, even assuming that McDowell made a prima facie case, there is no genuine issue of material fact that the disciplinary actions were reasonably related to legitimate penological interests and that McDowell would have been disciplined notwithstanding his grievance. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002). Therefore, as the District Court held, Litz was entitled to summary judgment on the retaliation claim.

II.

McDowell next argues that the prison officials involved in his two disciplinary actions violated his procedural-due-process rights. McDowell has never explained how his rights were allegedly violated in the first action (in which he pleaded guilty), so we will affirm the District Court's judgment on that claim without further discussion. As to the second proceeding, McDowell contends that the prison officials wrongly refused to listen to the audiotape of the three-person phone call.

As the District Court noted, there is a preliminary problem with this argument. The protections of the Due Process Clause are triggered only if there is a deprivation of a protected interest in life, liberty, or property. See Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). McDowell claimed that, as a result of the disciplinary proceeding, he was

sanctioned to a 90-day suspension of his telephone privileges and the loss of his institutional employment. However, McDowell had no protected interest in his prison job, see James v. Quinlan, 866 F.2d 627, 629-630 (3d Cir. 1989), or his phone privileges, cf. Kennedy v. Blankenship, 100 F.3d 640, 642 (8th Cir. 1996). This is fatal to his due-process claim. See Mitchell, 318 F.3d at 531.

### III.

Finally, McDowell contends that the prison officials subjected him to cruel and unusual punishment in violation of the Eighth Amendment by imposing the two sanctions that we have just discussed. We agree with the District Court that these limited sanctions neither represented "a dramatic departure from accepted standards for conditions of confinement" nor "deprive[d] [McDowell] of basic necessities," Overton v. Bazzetta, 539 U.S. 126, 136-37 (2003), and thus did not violate McDowell's rights under the Eighth Amendment. Accordingly, we conclude that there is no substantial question presented by this appeal,[1] and will thus summarily affirm the District Court's order granting summary judgment to all defendants. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] We further conclude that the District Court did not abuse its discretion in denying McDowell's motion for reconsideration of the summary-judgment order or his motion to compel additional discovery responses.